**UNITED STATES ex rel. NG WING v. BROUGH, Inspector.**

**UNITED STATES ex rel. FAY YING v. SAME.**

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

Nos. 116, 117.

**1. Aliens ☞32(8)—Evidence held to warrant deportation of Chinese couple for practicing prostitution and for connection with management of house of prostitution (Immigration Act 1917, § 19 [Comp. St. § 4289¼jj]).**

Evidence, apart from ex parte· testimony, *held* to warrant deportation, under Immigration Act Feb. 5, 1917, § 19 (Comp. St. § 4289¼jj), of Chinese female for practicing prostitution and of Chinese male for being connected with management of house of prostitution.

**2. Aliens ☞53.**

Under Immigration Act 1917, § 19 (Comp. St. § 4289¼jj), male alien connected with·

management of house of prostitution may be deported.

**3. Habeas corpus ⚖=>113(12)—Where citizenship is not in issue in deportation proceedings, court on appeal is concerned only in determining whether proceeding or hearing in lower court was fair.**

On appeal from dismissal of writs of habeas corpus to review deportation proceedings, in which citizenship is not in issue, Circuit Court of Appeals is concerned only with determining whether proceeding or hearing in District Court was fair.

**4. Habeas corpus ⚖=>92(1).**

In habeas corpus to review deportation proceedings not involving citizenship, district court may summarily determine facts and dispose of claims as law and justice require.

**5. Habeas corpus ⚖=>85(1)—Rules of evidence applicable to a judicial hearing do not apply to deportation proceedings, and hearsay evidence is admissible, but hearing must be fair.**

In deportation proceedings, not involving citizenship, Department of Labor is not bound by rules of evidence governing judicial hearings, and, on review by habeas corpus, hearsay evidence is admissible, only limitation being that hearing must be fair, and finding of fact based thereon will not be reversed on appeal.

**6. Habeas corpus ⚖=>85(1).**

On habeas corpus to review deportation proceedings, ex parte statements of witnesses are admissible for what they are worth, in view of absence of cross-examination.

**7. Aliens ⚖=>32(9)—In deportation, hearing is not unfair if witnesses are not produced because of government's inability to find them.**

Where opportunity to cross-examine witnesses is demanded by alien sought to be deported, hearing may be unfair if they are not produced; but it is not unfair if witnesses are not produced because of government's inability to find them.

Appeals from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Ng Wing, alias Ng Wing Tung, and by the United States, on the relation of Fay Ying, alias May Wai Ching, against Alfred W. Brough, as Inspector. From orders dismissing the writs, relators appeal. Affirmed.

Emory R. Buckner, U. S. Atty., of New York City (Nathan R. Margold, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The relator, Fay Ying, was held for deportation under section 19 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 889 (Comp. St. § 4289¼jj), because she had been found practicing prostitution subsequent to her entry into the United States. The relator Ng Wing was ordered deported on the ground that he had been connected with the management of a house of prostitution under the same section. Writs of habeas corpus were sued out, and after a hearing they were sustained, but in doing so the District Judge directed that further hearings be had either before a special master appointed by him or before the court. Later the District Judge conducted hearings at which he admitted a certified record of the departmental proceedings and gave opportunity to the aliens to produce and offer such testimony as they were advised. See U. S. ex rel. Singleton v. Tod (C. C. A.) 290 F. 78. Thereafter the court held that the warrants of deportation were properly issued and dismissed the writs.

[1] The Chinese inspector in charge of the port of New York initiated these proceedings for the deportation of the aliens as a result of a letter sent to him. In company with others, he called at No. 38 East Broadway, New York City, the house described in the letter, made entry to the apartment, and there found five or six Chinese men, including the appellant Ng Wing, sitting in the front parlor of the apartment. The appellant, Fay Ying, was in the kitchen, partly dressed. There were two bedrooms, each with a double bed. There was ample evidence to justify the commissioner and the court below in finding that these were common accessories to houses of this type in which Chinese women prostitutes carry on their trade. The house was richly furnished, and the equipment and clothing found by the inspector was luxurious, more so, at least, than was to be expected from the station in life of each of the appellants and their positions of employment which they stated.

The Chinese inspector took statements under oath from the appellants. Ng Wing denied that he lived at the apartment, and stated that Fay Ying lived there with her husband. This was later admitted by them to be false. They were living together, in adulterous intercourse, at this address. She has a husband living. The inspector conversed with the Chinamen present in the front parlor. He testified that he made known to these persons the object of his call. The Chinese men talked with him, and said that they were there for immoral purposes and intended to have relations with the woman, for which they were to pay. He testified that they were there on other occasions for the same purpose and had improper relations with the woman for pay.

These statements were not reduced to writing by the inspector.

The hearings were adjourned several times because of the illness of Fay Ying, who was suffering from a loathsome disease, and later so that the Chinamen whose statements were obtained might be produced. At one hearing the appellants promised to produce them, but failed to do so. The inspectors tried unsuccessfully to locate them.

The statute provides that "any alien who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." Act Feb. 5, 1917, c. 29, § 19, 39 Stat. 889. There was ample support in the evidence to justify the action of the inspector in issuing a warrant of deportation and sustain the result below.

[2] But it is argued that only female prostitutes can be deported under the provisions of section 19. Katz v. Commissioner, 245 F. 316, 157 C. C. A. 508, is referred to, where it was held not to include an alien landlord, who leased to a prostitute the house in which she lived and practiced her occupation. The case at bar is to be distinguished. Here the appellant Ng Wing lived in the house, shared in the profits, and was found below to have been a part of it. He was "connected with the management of the house." The proof satisfactorily shows the connection of both.

[3] It is argued that the testimony as to what the Chinese men in the parlor told the inspectors was taken ex parte, and not admissible. The argument is that the hearings before the District Judge were not administrative hearings, but were judicial in character. In U. S. ex rel. Singleton v. Tod, supra, this court pointed out that, in a deportation case, where there is placed in issue the citizenship of the person to be deported, he is entitled to a hearing which is judicial. In the case of deportation proceedings, where the citizenship is not brought into question, the court is concerned only with determining whether the proceedings before the inspector or Board of Special Inquiry, or the hearing in the District Court, was fair under the circumstances of each particular case.

[4, 5] We held in the Singleton Case that in a judicial hearing the court may admit in evidence the record of the administrative hearings. In a habeas corpus proceeding, the District Judge may proceed in a summary way to determine the facts of the case by hearing the testimony and argument and thereupon dispose of the claims as the law and justice require. Fong Yue Ting v. United States, 149 U. S. 730, 13 S. Ct. 1016, 37 L. Ed. 905; section 761, Rev. St. U. S. (Comp. Stat. § 1289, Judiciary, c. 13). In a proceeding such as this, the Department of Labor is not bound by the rules of evidence governing judicial hearings. The court may admit hearsay evidence, the only limitation upon its procedure being that a hearing, though summary, must be fair. The finding of fact based thereon will not be reversed on appeal. U. S. ex rel. Famina v. Curran (C. C. A.) 12 F.(2d) 639; U. S. ex rel. Smith v. Curran (C. C. A.) 12 F. (2d) 636; U. S. ex rel. Diamond v. Uhl (C. C. A.) 266 F. 34.

[6, 7] In arguing that there was not a fair hearing, it is said that the appellants should have been confronted by the witnesses whose ex parte statements were taken, so that they might be cross-examined. But the District Judge gave full and fair opportunity to produce the witnesses, for their production was promised by the appellants. The government officers endeavored to locate them. Receiving statements of the character here received necessarily denies the opportunity of cross-examination; but the law permits, in a summary proceeding such as this, that such statements be received for what they are worth, with knowledge of the fact that there was no cross-examination. Where opportunity of cross-examination is demanded, and may be afforded by the production of the witnesses, it may be an unfair hearing if they are not produced. Whitfield v. Hanges (C. C. A.) 222 F. 745. The hearing is neither arbitrary, capricious, nor unfair if the witnesses are not produced, due to inability of the department to find them. Quock So Mui v. Nagle (C. C. A.) 11 F.(2d) 492.

There was sufficient evidence in the case at bar, even apart from the ex parte testimony, which supports the finding warranting the deportations as directed. The appearances in the house, what was found there, and its occupants, together with the testimony of the inspectors, is sufficient. The appellants had opportunity to cross-examine as to these matters. No error was committed in receiving the statements to which objection is made.

Orders affirmed.