**LEE HIP CHEE v. ZIMMERMAN et al.**

Civ. A. No. 1233.

District Court, E. D. Pennsylvania.

Jan. 26, 1948.

Marvin M. Neuman, of Philadelphia, Pa., for plaintiff.

Francis W. Braden and Maurice A. Roberts, both of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

This is a petition for a writ of habeas corpus by the next friend of an alleged alien, Lee Hip Chee, detained for deporta-tion. It raises two substantial issues: whether Lee Hip Chee is in fact a citizen of the United States, as he claims, and whether he is being denied due process by arbitrary action of the Commissioner of Immigration and Naturalization.

Upon the first question, Lee Hip Chee is entitled to a judicial trial on the issue of alienage in a habeas corpus proceeding. Ng Fung Ho v. White, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938. Accordingly, a hearing was first held on September 9, 1947, and, on request of petitioner's counsel for leave to introduce further evidence, again on November 25, 1947. I think it unnecessary to discuss the evidence in detail other than to point out that it is legally sufficient to support the conclusion reached. See Bridges v. Wixon, 326 U.S. 135, 153, 65 S.Ct. 1443, 89 L.Ed. 2103, note 8 and cases there cited; Cf. United States v. Tod, 2 Cir., 290 F. 78. In these cases, determining the facts to which the law is to be applied is sometimes difficult. I do not think that the difficulty is lessened or the conclusion strengthened by minute discussion of each bit of evidence introduced by the petitioner or by the government. It is the over all finding that counts, and mine is that Lee Hip Chee was not born in the United States and that he is not a citizen of this country.

The petition further alleges that the Commissioner is discriminating against Lee Hip Chee by deporting him rather than acting in accordance with its announced policy of deferring deportation pending action of Congress on legislation now before it. (H.R. 3566.) However, the government's return to the writ avers that there is no fixed policy in these cases. It admits that the Commissioner in many cases has stayed deportation of aliens who might be within the purview of H.R. 3566, but asserts that the Commissioner decides each application on the individual facts and merits, and that length of residence is not the only factor considered. It is enough in deciding this issue to point out that the allegations of the writ of a fixed policy on the part of the Commissioner have not been substantiated by any evidence. In addition, is should be pointed out that Lee

Hip Chee has no close family ties in the United States and has a wife in China, circumstances which might well justify the government's exercise of discretion in ordering deportation rather than granting a stay. In any event, petitioner has certainly not sufficiently indicated to me that Lee Hip Chee has been denied equal protection of the law.

Accordingly, therefore, petitioner's application for a writ of habeas corpus is denied.