**UNITED STATES ex rel. IMPASTATO**

v.

**O'ROURKE, District Director, Immigration and Naturalization Service.**

No. 14978.

United States Court of Appeals, Eighth Circuit.

April 21, 1954.

Rehearing Denied May 18, 1954.

James Daleo, Kansas City, Mo., for appellant.

Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., and William O. Russell, Asst. U. S. Atty., Joplin, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

Nicolo Impastato, an alien in custody under a warrant of deportation issued July 22, 1953, petitioned the District Court for release on habeas corpus. The court issued an order to show cause directed to the respondent (appellee). After the respondent's return and after a hearing, the court dismissed Impastato's petition, and he has appealed.

The deportation warrant followed such proceedings conducted by the Immigration and Naturalization Service of the Department of Justice as are usual in like cases. Impastato was accorded a hearing before a Special Inquiry Officer of the Immigration and Naturalization Service, and was represented at the hearing by counsel of his own choosing. The charges which Impastato was called upon to meet were that he was an alien who had entered the United States after July 1, 1924, without an immigration visa and without inspection, and that in 1943 he had been convicted in the United States District Court for the Western District of Missouri of having concealed and facilitated the concealment of heroin, knowing that it had been unlawfully imported into the United States. The only seriously contested issue of fact at the hearing was whether Impastato entered the United States prior to July 1, 1924, when an immigration visa was not required by law, or after that date, when such a visa was required.

Impastato testified at the hearing before the Special Inquiry Officer that he

is a citizen of Italy, and was born June 1, 1900, at Cinisi, Province of Palermo, Italy; that he entered the United States at New York on December 8, 1923, arriving on the SS Paris, and has been in this country ever since; that at the time of his entry he did not have a valid immigration visa; that he gained entry under the pretense that he was a member of the crew of the vessel and by using a pass given him by an officer of the ship; and that he was not questioned or inspected by an immigration officer when he left the ship.

The Immigration and Naturalization Service at the hearing produced documentary evidence, consisting of affidavits and copies of records procured through the State Department from sources in Italy, tending to show that Impastato did not leave that country until several years after 1924. He was given ample opportunity to produce evidence to corroborate his claim that he entered the United States prior to July 1, 1924, and to refute the showing that he had not left Italy by that date, but failed to do so.

The evidence, in the deportation hearing, as to Impastato's conviction on a narcotics charge showed that on April 13, 1943, he entered a plea of guilty to an indictment charging him and others with concealment and facilitating the concealment of heroin which they knew was unlawfully imported into the United States, and also showed that the court sentenced him to imprisonment for two years. The evidence further showed that, pursuant to § 155(a), Title 8 U.S.C. (1940 Ed.),[1] the sentencing judge, on April 14, 1943, recommended that Impastato be not deported.

The Special Inquiry Officer, from the evidence, found as facts that Impastato was an alien who had entered the United States subsequent to July 1, 1924; that he was not inspected at the time of entry; that he entered for the purpose of residing permanently; that he was not in possession of a valid immigration visa at the time of entry; and that he was convicted of the crime of concealing heroin in violation of 21 U.S.C.A. § 174.

The Special Inquiry Officer concluded that Impastato was subject to deportation under the following sections of the Immigration and Nationality Act of 1952, 66 Stat. 163 et seq., 8 U.S.C.A. § 1101 et seq.: Under § 241(a) (1) of the Act, 8 U.S.C.A. § 1251(a) (1), as an alien who, because of his entry without an immigration visa, was excludable by the law existing at the time of his entry; under § 241(a) (2) of the Act, 8 U.S. C.A. § 1251(a) (2), as an alien who entered the United States without inspection; and under § 241(a) (11) of the Act, 8 U.S.C.A. § 1251(a) (11), as an alien who has been convicted of a violation of law relating to the illicit traffic in narcotic drugs.

On the basis of his findings and conclusions, the Special Inquiry Officer ordered the deportation of Impastato. The Board of Immigration Appeals sustained the findings and conclusions of the Inquiry Officer, and dismissed the appeal.

Impastato's unsuccessful attempt to obtain from the District Court, by habeas corpus, relief against the deportation order, followed the dismissal of his appeal to the Board of Immigration Appeals. He now contends in this Court that the District Court should be reversed for failing to decide that he was not subject to deportation because of his conviction on a narcotics charge in 1943, and for ruling that the deportation hearing accorded him was not unfair. He asserts that the hearing was unfair (1) because the documentary evidence obtained in Italy was hearsay, was not in proper form, and was not properly certified, authenticated or translated; (2) because he had no opportunity to cross-examine adverse witnesses; (3) because the findings upon which the deportation order is based are not supported by substantial and competent evidence; and (4) because he sustained the burden of proving that his entry was

---

1. Now Immigration and Nationality Act, 1952, 8 U.S.C.A. § 1251.

prior to July 1, 1924, and was not without inspection.

Section 291 of the Immigration and Nationality Act, 66 Stat. 163, 234, 8 U.S.C.A. § 1361, provides in part as follows: "In any deportation proceeding * * * against any person, the burden of proof shall be upon such person to show the time, place, and manner of his entry into the United States, * * *. If such burden of proof is not sustained, such person shall be presumed to be in the United States in violation of law."

■ In deportation hearings, rules of evidence applicable in courts of law need not be followed. The admission of evidence which a court would regard as legally insufficient does not vitiate deportation proceedings. United States ex rel. Tisi v. Tod, 264 U.S. 131, 133, 44 S.Ct. 260, 68 L.Ed. 590; United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560; Schoeps v. Carmichael, 9 Cir., 177 F.2d 391, 395; Moncado v. Ramsey, 8 Cir., 167 F.2d 191, 196; United States ex rel. Doukas v. Wiley, 7 Cir., 160 F.2d 92, 95; United States ex rel. Karpathiou v. Schlotfeldt, 7 Cir., 106 F.2d 928, 929; United States ex rel. Di Tomasso v. Martineau, 2 Cir., 97 F.2d 503, 504; Hays v. Zahariades, 8 Cir., 90 F.2d 3, 5; Nicoli v. Briggs, 10 Cir., 83 F.2d 375, 377; Ghiggeri v. Nagle, 9 Cir., 19 F.2d 875, 876; United States ex rel. Ng Wing v. Brough, 2 Cir., 15 F.2d 377, 379; United States ex rel. Femina v. Curran, 2 Cir., 12 F.2d 639, 640; United States ex rel. Smith v. Curran, 2 Cir., 12 F.2d 636, 637–638.

■ Failure to produce, for cross-examination, witnesses who cannot be found or whose presence cannot be procured or is not requested, does not make a deportation hearing unfair. United States ex rel. Ng Wing v. Brough, supra, page 379 of 15 F.2d; Quock So Mui v. Nagle, 9 Cir., 11 F.2d 492, 493; Moncado v. Ramsey, supra, page 196 of 167 F.2d.

■ Impastato has not demonstrated that the deportation proceeding accorded him was unfair. The Special Inquiry Officer who conducted the hearing, and who was the judge of the credibility of Impastato and the weight of his evidence, did not believe his testimony that he had come to the United States prior to July 1, 1924. There were improbabilities about that testimony aside from the documentary evidence procured in Italy showing that he did not leave that country until after that date. See and compare, Lewis v. Frick, 233 U.S. 291, 297–300, 34 S.Ct. 488, 58 L.Ed. 967. Unquestionably the finding that Impastato entered the United States after July 1, 1924, without inspection and without a visa, is binding upon the District Court and this Court. The deportation order based upon that finding is unassailable.

The District Court concluded that it was unnecessary to decide whether the recommendation of the District Judge who had sentenced Impastato in 1943, that he be not deported because of his conviction on the narcotics charge, would now prevent his being deported under § 241(a) (11) of the Immigration and Nationality Act of 1952 as an alien who has been convicted of a violation of law relating to the illicit traffic in narcotic drugs. Since the deportation order is valid on other grounds and the District Court did not rule upon the question, we shall resist the temptation to decide it. However, since the District Judge in his memorandum opinion in this case said that it seemed to him that it was not the intention of Congress that the McCarran Act [Immigration and Nationality Act of 1952] should retroactively apply to cases involving past convictions such as that of Impastato, we feel justified in directing attention to the recent opinion of Judge Chesnut in United States ex rel. Barile v. Murff, D.C.Md., 116 F.Supp. 163, with regard to the retrospective effect of legislation affecting aliens.

The order appealed from is affirmed.