Januario GONCALVES–ROSA, 104–35 150th Street, Jamaica, Long Island, New York, Plaintiff,

v.

Edward J. SHAUGHNESSY, District Director, Immigration and Naturalization Service, Defendant.

Civil 120–100.

United States District Court S. D. New York.

June 10, 1957.

Jack Greenberg, New York City, for plaintiff, J. J. Kilimnik, Philadelphia, Pa., of counsel.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, for defendant, Charles J. Hartenstine, Jr., Sp. Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

This matter involves two motions. In the first motion the plaintiff seeks a temporary injunction against deportation by the defendant. In the second motion the defendant asks for dismissal of the complaint by way of summary judgment.

The complaint seeks a declaratory judgment in a review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. The defendant, Edward J. Shaughnessy, is the District Director of Immigration and Naturalization Service, whose headquarters are in the City of New York. Deportation proceedings were commenced against the plaintiff on October 18, 1956, upon the charge that he did not have in his possession a valid immigration visa or other valid entry document in lieu of a valid immigration visa and that he was within the class of aliens excludable under Section 241(a) (1) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (1). On November 1, 1956, a hearing was held before a special inquiry officer, who found that plaintiff was deportable under the said section and thereupon ordered his deportation. Plaintiff's appeal from this order was dismissed by the Board of Immigration Appeals on February 21, 1957. Plaintiff claims that the hearing was conducted in violation of Section 242(b) (3) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1252(b) (3) in that the government presented no testimony in support of the charge; that the special inquiry officer used and admitted into evidence a warrant of arrest which was not identified; that he considered a passport in his decision, although he did not admit it into evidence; that by reason of plaintiff's refusal to testify on the ground that the answers to any questions propounded to him by the examining officer and special inquiry officer would tend to in-

criminate him, the special inquiry officer inferred that the answers, if given, would have admitted the facts contained in the documents and that said inference was improper and contrary to the law; that plaintiff hereby has been denied due process of the law and that, therefore, the decision of the special inquiry officer was invalid and was not based upon reasonable, substantial and probative evidence.

At the hearing held before the special inquiry officer on November 1, 1956, the plaintiff herein, who was then the respondent, appeared with his counsel, Jacob J. Kilimnik, Esq. The plaintiff refused to state whether his signature appeared on the back of the Order to Show Cause, wherein it appears service was acknowledged. In declining to so answer, the plaintiff raised the Fifth Amendment. Counsel, however, at this point stated: "I don't object to the fact that the respondent received a copy of the Order to Show Cause." The officer received in evidence the Order to Show Cause, which was obviously in effect a complaint.

When shown an Immigration Warrant of Arrest and asked if he had received a copy on October 18, 1956, the respondent again declined to answer on like grounds. Since the warrant contained a certificate of service, the inquiry officer received it in evidence.

Counsel for respondent then objected to the proceedings on the ground that there is no specific authority for appointment of special inquiry officers by the Commissioner of Immigration or the Attorney General, and further that the person who conducted the inquiry had not been so appointed under the Administrative Procedure Act. Then the respondent refused to answer questions as to place of birth, date of birth, his Portuguese passport, his signature on Form I–217 (purported to be a sworn statement of respondent dated October 18, 1956), his height, color of eyes, scars, etc. (for identification purposes and comparison with an alleged picture in a passport), etc., on the ground that the answers would tend to incriminate him.

The special inquiry officer admitted the signed statement on Form I-217, dated October 18, 1956, which was sworn to before an immigration officer (Exhibit 3). The passport was also submitted to the officer. Comparison of the respondent with the description and picture in the passport and the description of the respondent in Form I-217, as well as the comparison of the signatures, led the officer to conclude that the respondent and the person referred to in the passport and Form I–217 were the same.

Since the respondent also refused to give information with respect to his arrival in the United States, an arrival record (Form I-419c) was offered and received (Exhibit 4). Counsel for respondent declined to ask any further questions.

The report of the special inquiry officer, among other things, stated:

"Discussion: The respondent is twenty-four years of age, an unmarried male, an alien, a native and citizen of Portugal. He has refused to answer any questions concerning his immigration status, claiming his privilege under the 5th Amendment. However, the evidence establishes the following facts. He arrived in the United States at the port of New York on September 3, 1956 (not September 4, 1956 as indicated in the Order to Show Cause) when he was admitted in transit destined to Costa Rica. At the time of his arrival he was in possession of Portuguese Passport #8995/56 issued July 4, 1956. At the time of his arrival the Immigration and Naturalization Service made a record relating to the respondent on Form I-419c which indicates that he was admitted in transit destined to Costa Rica. When questioned by an immigration officer at Buffalo, New York on October 18, 1956 he testified that at the time of his entry he was coming to New York to look for work and in-

tended to remain here the rest of his life.

"Section 291 of the Immigration and Nationality Act [8 U.S.C.A. § 1361] provides that in a deportation proceeding the burden of proof shall be upon the respondent to show the time, place and manner of his entry into the United States. Respondent has declined to offer any evidence or to answer any questions. Nevertheless, the evidence submitted by the Service establishes clearly that the respondent entered the United States on September 3, 1956 at the port of New York destined to Costa Rica, but at the time of such entry it was his intention to remain in the United States for the rest of his life. Accordingly, it is concluded that the evidence establishes the respondent's deportability on the grounds set forth in the Order to Show Cause.

"During the course of the hearing the respondent's counsel made several objections with respect to the authority of the Special Inquiry Officer and the regularity of these proceedings. Practically all of these objections have been made by him in other cases and since they have been ruled upon adversely to the aliens by the Board of Immigration Appeals and the Courts, it is not deemed necessary or appropriate to enter into a discussion of these objections here.

"The respondent has declined to make any application for discretionary relief. He has also declined to designate any foreign country to which he prefers to go in the event that an order for his deportation is executed."

After Findings of Fact consistent with this statement, the officer concluded:

"Conclusion of Law:

"The respondent is subject to deportation under Section 241(a) (1) of the Immigration and Nationality Act, in that, at time of entry he was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, aliens who are immigrants not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document and not exempted from the possession thereof by said Act or regulations made thereunder, under Section 212 (a) (20) of the Act [8 U.S.C.A. § 1182(a) (20)].

"It Is Ordered that the respondent be deported from the United States in the manner provided by law on the charge contained in the Order to Show Cause."

Appeal was taken to the Board of Immigration Appeals. After argument, the appeal was dismissed on February 21, 1957. A warrant of deportation was thereupon duly issued. On or about May 7, 1957, the plaintiff instituted this action.

■ Plaintiff voluntarily made the sworn statement on October 18, 1956. By federal regulations, 8 C.F.R. 242.54(b), having the force and effect of law, 8 U.S.C.A. § 1103(a) (Section 103(a) of the Immigration and Nationality Act), the special inquiry officer may enter of record any statement, which is material and relevant to any issue in the case, previously made by the alien during any investigation, examination or hearing. Moreover, it has long been settled in this circuit that an alien's voluntary statements, understandingly made, as to alienage and purpose of entry into the United States may properly be received in evidence at a subsequent hearing in deportation proceedings in which he is represented by counsel and where he is given the opportunity to cross-examine witnesses and to offer additional testimony in his own behalf. See United States v. Lee Hee, 2 Cir., 1932, 60 F.2d 924.

■ The record further demonstrates that plaintiff was represented by counsel of his own choosing at the hearing and

that he was given a full opportunity to testify in his own behalf even though he declined to do so. Plaintiff, on the contrary, made no effort to rebut any portion of the statement, preferring to stand mute. This opportunity thus afforded him complied in all respects with the requirements set forth in Section 242(b) (3) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252(b) (3) that in deportation proceedings an alien shall have a "reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the Government." Failure to avail himself of this reasonable opportunity does not render the deportation hearing unfair. Cf. United States ex rel. Impastato v. O'Rourke, 8 Cir., 1954, 211 F.2d 609, certiorari denied 1954, 348 U.S. 827, 75 S.Ct. 47, 99 L.Ed. 652.

■ The records were properly admissible. See United States ex rel. Impastato v. O'Rourke, supra, 211 F.2d at page 611; Williams v. Butterfield, D.C.E.D.Michigan, 1956, 145 F.Supp. 567; 7 Wigmore on Evidence, 3rd Ed., 1940, §§ 2128–2131; Vlisidis v. Holland (Mavrelos v. Holland), D.C.E.D.Pa., 1957, 150 F.Supp. 678.

Plaintiff was not deprived of due process in any respect. The conclusions of the special inquiry officer were fully justified. See Karadis v. Wyrsch, D.C.D.N.J., Civil No. 172-57, April 17, in which the present plaintiff's attorney was of counsel.

■ Deportation proceedings are civil rather than criminal. See United States ex rel. Bilokumsky v. Tod, 1923, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221. Slochower v. Board of Higher Education, 1956, 350 U.S. 551, 76 S.Ct. 637, 100 L. Ed. 692, is not applicable. Slochower, an employee of the New York City Board of Education, was ordered discharged not for refusing to answer relevant questions put to him by the tribunal which had the duty of deciding his fitness to remain as a teacher, but for refusing to answer questions put to him by a

Congressional Committee. The United States Supreme Court struck down as unconstitutional a section of the New York City Charter which provided that whenever a City employee utilized his privilege against self-incrimination to avoid answering before a legislative committee a question relating to his official conduct, his employment shall terminate. See also Hyun v. Landon, 1956, 350 U.S. 990, 76 S.Ct. 541, 100 L.Ed. 856.

■■ In the instant case, plaintiff's deportability has been established by his own admissions, which constitute substantive evidence. Schoeps v. Carmichael, 9 Cir., 1949, 177 F.2d 391, certiorari denied, 1950, 339 U.S. 914, 70 S.Ct. 566, 94 L.Ed. 1340. This evidence is sufficient to support the administrative finding of deportability, for in United States ex rel. Vajtauer v. Commissioner of Immigration, 1927, 273 U.S. 103, at page 106, 47 S.Ct. 302, at page 304, 71 L.Ed. 560, the court said:

"* * * Upon a collateral review * * * it is sufficient that there was some evidence from which the conclusion of the administrative tribunal could be deduced and that it committed no error so flagrant as to convince a court of the essential unfairness of the trial. * * *"

The record is sufficient to comply with Title 8 U.S.C.A. § 1252(b) (4) insofar as it requires the decision of deportability to be based upon reasonable, substantial and probative evidence. It was not necessary for the special inquiry officer to draw any inference from plaintiff's refusal to testify during the hearing, even though it may be that inferences may be drawn from such refusal to testify. See United States ex rel. Zapp v. District Director of Immigration and Naturalization, 2 Cir., 1941, 120 F.2d 762. However, there is sufficient evidence in the record without such inference. This is not a case in which the plaintiff is being deprived of any rights because of his invocation of the 5th Amendment. There is sufficient documentary proof to warrant deportation, and merely because the plaintiff sought

to make no response should not be accepted as supporting his contention that he was deprived of his constitutional rights. As stated in Vlisidis v. Holland (Mavrelos v. Holland), supra [150 F. Supp. 682]: "Once the Government has established that the person sought to be deported is in fact an alien, the burden shifts to the alien to prove his right to remain in the United States, 8 U.S. C.A. § 1361; see United States ex rel. Tomasso v. Flynn, D.C.W.D.N.Y. 1927, 22 F.2d 174." The plaintiff has chosen to remain mute rather than attempt to sustain this burden. There was sufficient in the record from the documents to show that plaintiff was an alien.

Accordingly, plaintiff's motion for a temporary injunction pending the determination of this action is denied; the temporary stay contained in the Order to Show Cause of May 7, 1957, is vacated; and the defendant's motion for summary judgment dismissing the complaint is granted.

Settle order on notice.