**AH CHIU PANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE.**

No. 15841.

United States Court of Appeals
Third Circuit.

Argued Oct. 3, 1966.

Decided Oct. 28, 1966.

Gerald I. Roth, Allentown, Pa., for petitioner.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before FORMAN, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Two Investigators of the Immigration and Naturalization Service on a regular search operation and with information of recent desertions from Chinese vessels in their area entered the kitchen of Rube's Restaurant in Allentown, Pennsylvania, which served primarily Chinese food. After identifying themselves and speaking to two employees in the presence of the petitioner, Ah Chiu Pang, one of the Investigators asked petitioner for his passport or other identification. According to the Investigator, petitioner appeared to understand some English and replied that he had no papers and was prepared to go with the Investigator.

Two days later petitioner appeared at the Philadelphia office of the Immigration and Naturalization Service where he was questioned by agents with the aid of an interpreter. Petitioner's answers were reduced to a narrative statement written on an official form headnoted by a printed acknowledgment that the Investigator had identified himself in his official capacity and that the signatory to the statement was willing to swear to it and had the understanding that it must be made freely and might be used by the Government as evidence in proceedings against him. The printed matter was followed by a writing in the hand of the Investigator of a statement by the petitioner in which he admitted, among other things, that he had last arrived in the United States on the S.S. Clydefield as a member of the crew on September 4, 1962 and was refused permission by authorities to go ashore; that nevertheless he did go ashore with another crew member who showed a paper to the guard at the gate and both were passed through; that petitioner failed to return to the ship; and that he had been in the United States ever since. Both of two pages comprising the statement bear the signature of Ah Chiu Pang and a certificate by the interpreter to the effect that he had read the statement to Ah Chiu Pang who stated that he understood it and it was true and correct.

Thereafter at the hearing before a Special Inquiry Officer of the Immigration and Naturalization Service the petitioner was represented by counsel. The Investigator of the Service testified in substance to the pertinent foregoing facts. The interpreter, a part-time employee of the Service for two and a half years, was unable to recall whether petitioner was the person who signed the statement, although he testified that at the hearing petitioner greeted him with the words, "We meet again." He further testified that it was his practice without exception to interpret all questions propounded to and answers given by the person cited for immigration interrogation and that he translated both the printed and written matter for such persons prior to their signing and swearing to such statements.

The Special Inquiry Officer overruled the objection of petitioner's counsel that the statement was not admissible for lack of specific identification of the petitioner by the interpreter. On the advice of his counsel, petitioner refused to answer all questions except to state his name and address. The Special Inquiry Officer found petitioner illegally in the country in that he had entered after having been refused permission to land as

a crewman [1] and ordered him to be deported to the Republic of China in Formosa. Petitioner appealed from the order of the Special Inquiry Officer to the Board of Immigration Appeals which dismissed the appeal after hearing arguments. A timely petition for review of that ruling brings the matter here.[2]

■ Appellant now assails the admission of the statement upon the same ground as heretofore. We agree with the Board of Immigration Appeals that the testimony of the Investigator as to the making, signing and verifying of the statement by the petitioner, together with evidence by the interpreter of his regular routine in all cases gave ample authentication to the statement not only under the flexible rules regarding the admission of evidence before administrative tribunals in deportation proceedings [3] but would likely meet the stricter requirements of admissibility in court. The Government thus having shown that he was an alien, the burden shifted to the petitioner to justify his presence in the United States.[4] This he failed to do.[5]

■ Petitioner also challenges the constitutionality of the order of deportation on the ground that when he was apprehended he was not afforded the benefit of counsel and notification of his constitutional rights as required in criminal cases by Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246. At the oral argument here, petitioner's counsel frankly conceded that no decision supported this argument, but that he was impelled to make the contention to preserve the record. The same argument was made before the Board of Immigration Appeals and we, like it, are not prepared to extend to aliens in deportation proceedings the same immunities to be accorded defendants in criminal cases as claimed by petitioner.

■ The proceedings were reopened on application by the Service because it became necessary to choose an alternate country to which to deport petitioner as the Republic of China in Formosa refused to receive him. Upon the reopened hearing a Special Inquiry Officer read into the record information contained in a seaman's discharge book in the name of Pang Chiu, which book also contained a photograph said by the Special Inquiry Officer to be a good likeness of petitioner. The data in the book disclosed departure from Hong Kong and other details as to age, residence and dates of previous voyages and discharge, a substantial amount of which coincided with the information given in the statement received in evidence at the main hearing. Again the petitioner objected that the evidence was not properly authenticated and again petitioner chose to remain mute. The Special Inquiry Officer therefore directed that Hong Kong be named as the alternate country for the deportation of the petitioner.

Petitioner appealed from the alternate order of deportation and at the same time moved that the Board of Immigration Appeals reconsider its first order to deport. The Board of Immigration Appeals found that the use of information from the seaman's book was well within the range of admissibility in the reopened hearing for the limited purpose of determining an alternate country to which to deport petitioner.[6] It also refused to reconsider its original order.

We find no error in the subsequent proceedings. We have examined the entire record in this case and on the whole of it we find that the petitioner was accorded a full and fair hearing. Hence the petition for review will be denied.

1. 8 U.S.C. § 1251(a) (2).

2. 8 U.S.C. § 1105a.

3. See United States ex rel. Impastato v. O'Rourke, 211 F.2d 609, 611 (8 Cir. 1954).

4. 8 U.S.C. § 1361.

5. See Vlisidis v. Holland, 245 F.2d 812, 814 (3 Cir. 1957).

6. Ibid.