MATTER OF VALLEJOS

In Deportation Proceedings

A-19038868

*Decided by Board March 6, 1972*

The provisions of section 1, Chapter 336, Hawaii Revised Statutes, requiring the State director of health to cooperate with the U.S. Government in arranging for deportation of alien public charges admitted to or hospitalized at the state hospital, constitute an exception to the rule of confidentiality of hospital records as set forth in section 4 of Chapter 325 of the Statutes. Hence, the hospital and clinical records and testimony of physicians and representatives of the Department of Public Health evidencing respondent's treatment for leprosy were properly admissible in evidence which formed the basis of his deportability under section 241(a)(1) of the Immigration and Nationality Act as one excludable at entry because afflicted with a dangerous contagious disease.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)] Excludable at time of entry (section 212(a)(6); 8 U.S.C. 1182(a)(6))—afflicted with a dangerous contagious disease.

ON BEHALF OF RESPONDENT:
Tin Chong Goo, Esquire
1022 Bethel Street
Honolulu, Hawaii 96813
(Brief filed)

ON BEHALF OF SERVICE:
Douglas H. Brehm
Acting Trial Attorney

This is an appeal from a decision of a special inquiry officer dated March 31, 1971, denying the respondent's motion to reopen the deportation proceedings. We affirm the decision and the appeal will be dismissed.

The respondent is a 36-year-old married male alien, a native and citizen of the Philippines, who was admitted to the United States at Honolulu, Hawaii for permanent residence on November 7, 1969. At the deportation hearing, the truth of all the allegations contained in the order to show cause was admitted by the respondent except for the allegation that at the time of his entry he was afflicted with a dangerous contagious disease, to wit: leprosy. Deportability was not conceded. However, in a decision of a special inquiry officer dated March 5, 1971, the respondent was found

deportable as charged in the order to show cause and was granted voluntary departure with an alternate order that if he failed to depart from the United States within 60 days, he shall be deported to the Philippines. Counsel for respondent reserved his right to appeal from the special inquiry officer's decision but instead of taking an appeal, filed a motion to reopen the deportation proceedings.

Counsel for respondent contends that the special inquiry officer should have reopened the deportation hearing to suppress the hospital records and all other evidence presented by the representatives of the Hawaii Department of Health, on the basis of the confidentiality requirements of the Hawaii Revised Statutes, and to suppress the testimony of Dr. Robert Kim and the report of the Straub Clinic, on the basis of the personal physician-patient privilege. Counsel further contends that without the disclosure of the clinical facts that he alleges should be suppressed, it would not be possible to establish deportability as charged in the order to show cause by evidence which is clear, convincing and unequivocal.

In support of his motion, counsel for respondent cites the provisions of Chapter 325, section 4, Hawaii Revised Statutes, which make certain hospital records confidential. However, Chapter 336, section 1, Hawaii Revised Statutes, is an exception to the rule of confidentiality set forth in Chapter 325, section 4, hereinbefore mentioned, for the reason that it directs the director of health to cooperate with the Government of the United States in arranging for deportation of all alien public charges admitted to or hospitalized at the state hospital. In the case of *U.S. ex rel. Leon* v. *Murff,* 250 F.2d 436 (C.A. 2, 1957), the court held that the records of the state mental hospital and medical certificates of the United States Public Health Service were admissible. In that case, section 23 of the New York Mental Hygiene Laws directed cooperation in the deportation and removal of mentally afflicted aliens. *Leon, supra,* held that a mere notice to the immigration officials without a disclosure of the clinical facts showing the nature and extent of the ailment would not enable those officials to form any judgment as to the deportability of the person. Section 1 of Chapter 336 of the Hawaii Revised Statutes, unlike the statute in *Leon, supra,* is not restricted merely to mentally afflicted aliens. In the matter before us, there is sufficient evidence to show hospitalization and/or treatment of the contagious disease of leprosy at the state hospital and in a hospital where hospitalization and treatment of this disease were financed by the State of Hawaii. From the evidence in this record, we are satisfied that the respondent was an alien public charge admitted to or hospitalized at a state hospital. The

director of health would be required under Chapter 336, section 1 to cooperate by providing in evidence hospital records and all other medical evidence of all physicians and representatives who are under the auspices of the Department of Health.

Chapter 621, section 20 of the Hawaii Revised Statutes provides that consent is deemed to have been given by the patient in all cases in which a party to a suit, action or proceeding offers a physician to testify to the physical condition of the party. Dr. Robert Kim was present for interrogation at the hearing upon the request of respondent's counsel and Dr. Kim was cross-examined by counsel. No objection was made by counsel at the time of the hearing and he examined Dr. Kim as to matters disclosed in consultation and course of treatment. Under the provision of the Hawaii Revised Statutes above-mentioned, the physician-patient privilege was waived. Although Dr. Kim was associated with a private clinic, he is a leprology consultant for the State of Hawaii, and in that capacity he is responsible for the surveillance of all contact clinics and diagnostic clinics throughout the state. Since Dr. Kim is under the auspices of the Department of Public Health for leprology, the Department of Health was required under the provisions of Chapter 336, section 1 of the Hawaii Revised Statutes to cooperate by submitting in evidence the medical testimony of Dr. Kim.

A deportation hearing is an administrative proceeding, civil in nature, and the strict rules of evidence followed in the courts are not controlling, *Pang* v. *INS*, 368 F.2d 637 (C.A. 3, 1966), cert. denied 386 U.S. 1037 (1967). However, we are convinced that under Chapter 336, section 1, Hawaii Revised Statutes, the certifications by the United States Public Health Service, the hospital records, the medical testimony of the physicians and representatives of the Public Health Department, the testimony of Dr. Kim, and the report of the Straub Clinic were properly admitted in evidence at the deportation hearing because this evidence was necessary to enable the Service to form a judgment as to the respondent's deportability. Without admitting such evidence, there could be no cooperation with the Service.

Our review of the entire evidence in the record satisfies us that the respondent was found deportable on the charge in the order to show cause by evidence which is clear, convincing and unequivocal. Respondent's request for suppression of the hospital records and all other medical evidence is without merit. Accordingly, we find no reason to reverse the special inquiry officer's decision.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.