SHU FUK CHEUNG, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 72–1482.

United States Court of Appeals,
Eighth Circuit.

Argued Feb. 13, 1973.

Decided April 20, 1973.

Bruce W. Okney, Minneapolis, Minn., made argument for petitioner.

Richard I. Chaifetz, Atty., Dept. of Justice, Washington, D. C., made argument for respondent.

Before LAY and BRIGHT, Circuit Judges, and NICHOL,* District Judge.

PER CURIAM.

Petitioner, Shu Fuk Cheung, appeals the Board of Immigration Appeals' affirmance of the Special Inquiry Officer's decision finding him in violation of 8 U.S.C.A. Sec. 1251(a)(2), and ordering his deportation to Hong Kong.

On August 17, 1971, petitioner was apprehended at the Foo Chu Cafe in Minneapolis, Minnesota, during an area control-illegal entry check made by two Immigration Service investigators. The investigators interviewed the petitioner with regard to his immigration status and determined that he could not satisfactorily substantiate his right to be in the United States. Petitioner was ar-

* Chief Judge, District of South Dakota, sitting by designation.

rested and escorted to the Immigration Service offices where a sworn statement was taken. Through the services of an interpreter, petitioner was advised of his constitutional rights to remain silent and to have counsel present. Cheung signed a waiver of these rights. Questioning by the investigators elicited petitioner's landing permit and a number of interpreted verbal responses which an investigator incorporated into a handwritten affidavit signed by petitioner, providing the basis for detaining Cheung for possible deportation.

On August 18, 1971, a hearing on an order to show cause why Shu Fuk Cheung should not be deported was continued at petitioner's request to afford him an opportunity to obtain counsel. Cheung appeared at the reconvened hearing on September 21, 1971, represented by counsel. At his attorney's direction Cheung remained silent to all inquiries. Thus the only testimony and evidence produced was the government's.

Petitioner Cheung contends that his apprehension during an area control search by immigration officers, who entered the restaurant knowing only that the restaurant employed oriental persons and served oriental food, was illegal. He also urges that the government failed to sustain its burden of proof on the issue of deportability. Both issues were decided adversely to petitioner by the Board of Immigration Appeals. We affirm.

The scope of this court's review is limited to the administrative record, and the findings of fact therein are taken as conclusive "if supported by reasonable, substantial, and probative evidence on the record considered as a whole" 8 U. S.C.A. Sec. 1105a; Au Yi Lau v. United States Immigration and Naturalization Service, 144 U.S.App.D.C. 147, 445 F.2d 217, 219 (1971). The paucity of the immediate record is attributable to the decision of petitioner's counsel to instruct his client to remain mute before the Special Inquiry Officer. It is upon that record that this court reviews petitioner Cheung's appeal.

The administrative record is barren of any of the surrounding circumstances preceding the apprehension which petitioner contends is illegal. Counsel for petitioner presumes that the seizure took place in the kitchen of the cafe, that the officers were without authority to enter that kitchen, and that the sole purpose for the officers' presence in the kitchen was for an area control-illegal entry check. The record is lacking any factual basis for these assertions. The record produced by the administrative process and presently before this court for review is void of any evidence to support Cheung's complaint that he was seized, interrogated and arrested unconstitutionally.

■ The record reveals that the immigration officers apprehended Cheung during an area control-illegal entry check of an oriental cafe.[1] His answers to their inquiries were, evidently, of such an unsatisfactory nature that an arrest was made. Even from the sketchy record now before us we can conclude that Cheung must have been detained temporarily for this interview.

Congress specifically vested the Immigration and Naturalization Service (INS) with statutory powers enabling interrogation of suspected aliens for possible violations of immigration laws.[2] This statutory authority grants

1. One reason for checking a cafe such as this one, as noted by the District of Columbia Court of Appeals in Cheung Tin Wong v. United States Immigration & Naturalization Service, 468 F.2d 1123, 1127 (D.C.Cir. 1972), is that many illegal entrants find employment in and around food service establishments, particularly those specializing in their native cuisine and where other employees are likely to be conversant in their native language.

2. 8 U.S.C.A. Sec. 1357(a)(1) provides: (a) Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant— (1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;

to immigration officers the right to seek to interrogate individuals reasonably believed to be of alien origin. The underlying rationale of that decision was that the minimal invasion of the privacy of the individual approached for questioning was justified by the special needs of immigration officials to make such interrogations. This allowance for mere questioning, which assumes the individual's cooperation, is analogous to decisions which have contemplated the same scope of authority for police officers (footnotes omitted).

Au Yi Lau v. United States Immigration and Naturalization Service, 144 U.S. App.D.C. 147, 445 F.2d 217, 222 (1971), *accord,* Cheung Tin Wong v. United States Immigration and Naturalization Service, 468 F.2d 1122 (D.C.Cir. 1972). The record does not disclose a constitutional deprivation in petitioner Cheung's apprehension.

██ This court's finding that petitioner's apprehension was not illegal leaves the second issue for review without merit. The evidence introduced before the Special Inquiry Officer consisted of the Order to show cause issued by the District Director, petitioner's signed affidavit, petitioner's Crewmans Landing Permit, and petitioner's Seaman's Identity Book. Cheung contends the first three items were secured pursuant to an illegal detention and arrest and should be excluded as the fruits of an unconstitutional search and seizure. The Seaman's Book, bearing an "excellent photograph" of the petitioner, was obtained from the government's administrative file and received over petitioner's objection as to foundation. On the basis that the record failed to substantiate petitioner's constitutional claim we find the first three exhibits admissible. "In deportation hearings, rules of evidence applicable in courts of law need not be followed. The admission of evidence which a court would regard as legally insufficient does not vitiate deportation proceedings." United States v.

O'Rourke, 211 F.2d 609, 611 (8th Cir. 1954); *see also* Ah Chiu Pang v. Immigration and Naturalization Service, 368 F.2d 637, 639 (3rd Cir. 1966). These exhibits show that petitioner was born in China and had entered the United States on January 15, 1970, as a nonimmigrant crewman authorized to remain in America for as long as his ship remained in port, not to exceed 29 days. He has remained in the United States continuously since that date and possesses no authority to do so. This proof standing unrefuted is fatal to petitioner's appeal.

The deportation order is affirmed.