## MATTER OF GONZALEZ

### In Deportation Proceedings

### A-20997563

*Decided by Board October 12, 1976*

(1) In this proceeding respondent refused to testify except to give his name, and the Service introduced a Form I-130 (Petition to Classify Status of Alien Relative) which had been submitted on behalf of respondent by his wife. The contents of the form and accompanying documents were read into the record and the respondent's wife was called to testify.

(2) The application and documents were admissible because the name thereon was identical with the name of the respondent. Where respondent stood mute at hearing, it was proper for the immigration judge to permit the wife's testimony on the Form I-130 application because the wife merely identified the I-130 application and because the application and documents may stand alone as evidence even without such identification.

(3) Argument of respondent's counsel that the hearings were improper because the arrest was illegal and that the evidence adduced at hearing should be suppressed is rejected where the only evidence introduced was the Form I-130 and documents submitted voluntarily prior to respondent's arrest, and the wife's identifying testimony. Documents in the prior possession of the Service cannot be tainted by any illegality in a subsequent arrest.

(4) While the burden to establish alienage to establish deportation proceedings is upon the Government, a person born abroad is presumed to be an alien and must go forward with the evidence to establish United States citizenship or a legal right to be in the United States under section 291 of the Immigration and Nationality Act. By his silence, respondent failed to meet his burden to show the manner of his entry and the presumption arises that he is in the United States in violation of law. Absent evidence to negate that presumption, the alien is deemed to be in this country in violation of law and the burden of proof requirements to show deportability by clear, convincing and unequivocal evidence are met.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Laurier B. McDonald, Esquire
P. O. Drawer 54
Edinburg, Texas 78539

ON BEHALF OF SERVICE:
Richard M. Casillas, Esquire
Trial Attorney

This is an appeal from the immigration judge's decision of April 18, 1975. The immigration judge refused to terminate the proceedings and found the respondent deportable. The appeal will be dismissed.

The record relates to a married male alien, a native and citizen of Mexico, who is 24 years of age. He is charged with having entered the United States without inspection near Hidalgo, Texas, on or about February 15, 1975.

The respondent moved to quash the Order to Show Cause on the basis that the respondent was arrested without a warrant and that therefore the proceedings are illegal. His motion was denied. He also requested that certain witnesses be subpoenaed. His request for subpoenas was denied.

The respondent refused to testify at the hearing, except to give his name; he cited the privilege against self-incrimination under the Fifth Amendment to the United States Constitution. The Service introduced a Form I–130 [Petition to Classify Status of Alien Relative] which had been submitted on behalf of the respondent by his wife. The contents of the form and accompanying documents were read into the record, and the respondent's wife was called to testify. The respondent's birth certificate, which was one of the documents, indicated birth in Mexico. Counsel objected to the wife's testimony on the ground that spouses cannot be compelled to testify against one another. The objection was overruled. In her testimony, the respondent's wife merely identified the I–130. The Service rested. The immigration judge, relying upon section 291, found that the respondent was deportable. Section 291 provides that:

In any deportation proceeding under chapter 5 against any person, the burden of proof shall be upon such person to show the time, place and manner of his entry into the United States . . . If such burden of proof is not sustained, such person shall be presumed to be in the United States in violation of law.

Upon appeal, counsel renews his arguments raised below. He claims that the proceedings were defective and should have been terminated, because, he claims, the respondent was arrested without a warrant. Exhibit 1 is labelled: Order to Show Cause and Warrant for Arrest of Alien. There is nothing in the record, and nothing has been offered, which supports counsel's assertion that a warrant was not obtained prior to the arrest of the respondent.

Complaint is made that subpoenas were not granted for various witnesses. One of the individuals for whom a subpoena was sought was present in the anteroom and was not called as a witness by either side. The immigration judge ruled correctly that no subpoena was necessary for that witness. There is no showing that the testimony of other individuals for whom subpoenas were sought was necessary either. Counsel stated that he wished to question them concerning whether the respondent was arrested without a warrant. He does not claim that their testimony would support his assertion that no warrant was ob-

tained. The immigration judge properly refused counsel's request for subpoenas. It appears that counsel wished to go on a fishing expedition in his questioning; there is no showing that the testimony of the witnesses requested was necessary in these proceedings.

One who raises a question concerning the legality of the evidence must come forward with proof establishing a prima facie case before the Service will be called upon to assume the burden of justifying the manner in which it obtained its evidence, *Matter of Tang*, 13 I. & N. 691 (BIA 1971). Statements in a motion for suppression must be specific and detailed, based on personal knowledge; they must set forth a prima facie case, *Matter of Wong*, 13 I. & N. 822 (BIA 1971). Here, no statement has been presented which establishes a prima facie case of any illegality.

Counsel has not actually moved to suppress evidence acquired in connection with the arrest. He admitted at the hearing that the evidence in this record was not obtained as a result of the arrest, (Tr. 27 & 28). He argues, rather, that the hearings were improper, because the arrest was illegal and that, therefore, all evidence adduced at the hearing should be suppressed. However, evidence in the prior possession of the Service cannot be said to be tainted by any illegality connected with a subsequent arrest, *Matter of Yau*, Interim Decision 2272 (BIA 1974), *Matter of Wong, supra*. In order to apply the exclusionary rule, there must be a claim that tainted evidence was, or would be, introduced into the record. Here the sole evidence introduced was the Form I-130 and the testimony of the respondent's wife identifying that form. The I-130 had been voluntarily submitted by the parties prior to the respondent's arrest. It was not in any way tainted by any illegality concerning the arrest.

Counsel's contention that the proceedings should be terminated because they are tainted by the claimed illegal arrest is also without merit. Even if an alien's arrest were technically defective, subsequent deportation proceedings, otherwise lawful, would not thereby be vitiated, *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149 (1923); *Avila-Gallegos v. INS*, 525 F.2d 666 (2 Cir. 1975); *Guzman-Flores v. INS*, 496 F.2d 1245 (7 Cir. 1974); *Huerta-Cabrera v. INS*, 466 F.2d 759 (7 Cir. 1972); *La Franca v. INS*, 413 F.2d 686 (2 Cir. 1969); *Matter of Li* Interim Decision 2451 (BIA 1975).

Counsel argues that the wife's testimony should have been excluded because it violates the husband-wife privilege, and that the failure to exclude it rendered the proceedings defective. The wife, by her testimony, did no more than to authenticate her own application. Her testimony is not essential, in any event, and it may be entirely disregarded, for the Form I-130 and accompanying documents may stand alone as evidence. Even without identification by the maker, the application and accompanying documents are admissible, for there is identity

46

of name with the name of the respondent, *Vlisidis* v. *Holland*, 245 F.2d 812 (3 Cir. 1957).

The birth certificate accompanying the Form I-130 indicates that the respondent was born abroad. One born abroad is presumed to be an alien. *U.S. ex rel. Rongetti* v. *Neelly*, 207 F.2d 281-284 (7 Cir. 1953); *Matter of Ponco*, Interim Decision 2326 (BIA 1974); *Matter of Tijerina-Villarreal*, 13 I. & N. Dec. 327 (BIA 1969); *Matter of A—M—*, 7 I. &. N. Dec. 332 (BIA 1956). While the burden to establish alienage in a deportation proceeding is upon the Government, a person born abroad is presumed to be an alien and must go forward with the evidence to establish any claim to United States citizenship, *Matter of Tijerina-Villarreal, supra.*

The respondent has not advanced a claim to United States citizenship. He has not claimed any legal right to be in the United States. Once it is established that the subject of a deportation proceeding is an alien, section 291 of the Act requires that person to justify his presence in the United States, see *Ali* v. *Haff*, 114 F.2d 369 (9 Cir. 1940); *Bhagat Singh* v. *McGrath*, 104 F.2d 122 (9 Cir. 1939), cert. denied *Bhagat Singh* v. *Haff*, 308 U.S. 629 (1940); *Vlisidis* v. Holland, 150 F. Supp. 678 (ED Pa 1957); *Matter of Fereira*, Interim Decision 2251 (BIA 1973). The respondent by his silence cannot avoid the burden by resting upon the Fifth Amendment, *De Lucia* v. *Flagg*, 297 F.2d 58 (7 Cir. 1962), cert. denied 369 U.S. 837 (1962) *Vlisidis* v. *Holland, supra.* [245 F.2d]; *Goncalves-Rosa* v. *Shaughnessy*, 151 F. Supp. 906 (SD NY 1957); *Vlisdis* v. *Holland, supra.* [150 F. Supp.]. He has not been prejudiced in any way because of his invocation of the Fifth Amendment. The fact of alienage was established separately. No inference need be drawn from his invocation of that privilege. We find simply that by his silence he has not met his burden to show the manner of his entry, and that the presumption of section 291—that he is in the United States in violation of law—arises. In the absence of any evidence to negate the presumption, the alien is deemed to be here in violation of law, and the burden of proof requirements set forth in *Woodby* v. *INS*, 285 U.S. 276 (1966) have been met, see *Matter of Fereira, supra.*

ORDER: The appeal is dismissed.