## MATTER OF CARRILLO

### In Deportation Proceedings

### A-23006036

### *Decided by Board July 10, 1979*

(1) The immigration judge's denial of a continuance did not result in a denial of a fair hearing, as two continuances totaling 2 weeks had already been granted, counsel had stated her readiness to proceed after the first continuance, and the request was based upon the unsupported conjecture that the Service's evidence of deportability would arise from the respondent's previous arrest.

(2) Where the respondent moves to continue the case for further preparation, an immigration judge is entitled to make observations on the nature and complexity of the case presented to him based upon his experience in similar cases, and such observations do not necessarily imply prejudgment.

(3) It is not necessary to decide if the respondent was deprived of the right to counsel, and thus due process, when his attorney voluntarily left the hearing room, because the respondent had, before that point, with counsel present, admitted his alienage, and this admission, with section 291, was sufficient to establish his deportability. *Matter of Gonzalez*, 16 I&N Dec. 44 (BIA 1976).

(4) A respondent charged with entry without inspection, a federal criminal offense under section 275 of the Immigration and Nationality Act, 8 U.S.C. 1325, could refuse to answer, on Fifth Amendment grounds, any question he reasonably believed might have a tendency to incriminate him or furnish proof of a link in a chain of evidence. *Matter of R—*, 4 I&N Dec. 720 (BIA 1952).

(5) Neither the Service Trial Attorney nor the immigration judge is in a position to offer immunity from criminal prosecution.

(6) A District Director's decision not to present a case for prosecution because, according to his understanding, it belongs to a class which the United States Attorney has judged not to warrant criminal prosecution, is not equivalent to a grant of immunity, whatever the practical effects may be, and a respondent cannot be made to testify after he has invoked his right against self-incrimination, simply upon the presentation of such an assurance.

(7) Where deportability has been established by the respondent's admission of alienage before the invocation of his right against self-incrimination, the respondent's testimony following the immigration judge's incorrect advice to the respondent that he could not invoke this privilege is disregarded, and the respondent was not deprived of a fair hearing.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
William Blum, Esquire
Clinica Legal del Pueblo
712 S. Grandview
Los Angeles, California 90057

ON BEHALF OF SERVICE:
Ingrid K. Hrycenko
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated June 9, 1978, an immigration judge found the respondent deportable as charged and granted him the privilege of voluntary departure. The respondent appeals from this decision.[1] The appeal will be dismissed.

On appeal, the respondent contends that for a variety of reasons he was denied a fair hearing. He claims that the immigration judge abused his discretion in denying a request of a reasonable continuance, and in denying his right to counsel. He also asserts that he was denied due process because he was coerced into abandoning his Fifth Amendment right against self-incrimination, and also because the immigration judge was prejudiced and had prejudged the case.

After reviewing the record, we have concluded that this latter contention of prejudgment is without merit. The immigration judge is entitled to make observations on the nature of a case presented to him. This is especially true when a request for a continuance is made, as in this case, where the counsel for the respondent stated that the case was legally and factually complex. It was not evident to the immigration judge, and is not evident to us, that there were 120 witnesses whose testimony was necessary to an adjudication of the charge of entry without inspection. Having handled numerous cases of the same nature previously, the immigration judge was well-qualified to comment on the complexity of the case as it was presented to him. In addition, he did indicate that he would be willing to adjourn the hearing if it developed that difficult or complex issues were present in the case (Tr. p. 15). We do not therefore find anything in the record to indicate prejudgment on the part of the immigration judge.

We also do not agree that the respondent was denied a fair hearing because the immigration judge denied the request for a continuance. In the first instance, the assertion entirely ignores the fact that two continuances were granted, stretching over a period of 2 weeks. It also ignores the fact that the respondent's attorney stated that she would be ready to proceed after the first continuance was granted. The fact that she could provide statements from other attorneys detailing their views as to the amount of time it would take to prepare the case is not

[1] We note that the Clinica Legal del Pueblo was denied recognition by the Board on May 21, 1979, subsequent to the instant appeal.

highly persuasive, given the further fact that the respondent did not know what evidence the Service was going to present. While the respondent's attorney may have assumed that the evidence to be presented on the question of deportability would arise from the respondent's previous arrest, at his place of employment, this assumption was highly conjectural. It was therefore not unreasonable for the immigration judge to require the proceedings to go ahead as he did to handle the issues as they developed, and this fact did not deprive the respondent of a fair hearing.

The respondent also contends that he was denied his right to due process when the deportation proceeding went ahead without the respondent's counsel being present. This event is said to have occurred during the course of the June 9, 1978, hearing, and followed the voluntary departure of the respondent's attorney from the hearing room after she had objected to the immigration judge's denial of the fourth request for a continuance.

While in another context this argument possibly could have a valid basis, we have concluded that this issue need not be addressed in this particular instance. There is sufficient basis in the record to establish the respondent's deportability through testimony freely given by the respondent before the departure of the attorney representing him. The transcript indicates that the respondent admitted that he was not a United States citizen (Tr. p. 24). This admission occurred when his attorney was present. There is no indication that it was coerced. Such an admission, in and of itself, is sufficient basis on which to ground a finding of deportability. His admission established his alienage. Once this fact was established, section 291 of the Immigration and Nationality Act, 8 U.S.C. 1361, requires that the respondent justify his presence in the United States, or be presumed to be in the United States in violation of law. The burden of proof is on the alien, and he cannot avoid this burden by resting upon his Fifth Amendment rights. *Matter of Gonzalez*, 16 I&N Dec. 44 (BIA 1976); *De Lucia v. Flagg*, 297 F.2d 58 (7 Cir. 1952), *cert. denied*, 369 U.S. 837 (1962). The respondent has offered no proof to negate this presumption. We are therefore satisfied that the respondent is deportable, and that this deportability was established by clear, convincing, and unequivocal evidence.

We have come to this conclusion without relying upon the testimony of the respondent which followed the departure of his attorney. We do, however, believe that comment is necessary upon the point the respondent raises in his appeal concerning the testimony delivered by the respondent after his attempt to invoke the Fifth Amendment right to remain silent. We consider this testimony inadmissible. The respondent was charged with entry without inspection. This is a federal criminal offense under section 275 of the Act, 8 U.S.C. 1325. The

respondent could therefore refuse to answer, on Fifth Amendment grounds, any question he reasonably believed might have a tendency to incriminate him or furnish proof of a link in a chain of evidence. *Matter of R—,* 4 I&N Dec. 720 (BIA 1952). Such a reasonable apprehension of danger could have existed here, despite the fact that the Trial Attorney offered a memorandum for file dated June 9, 1978, from the District Director which indicated that the respondent would not have criminal charges brought against him by the Service. This is not an effective grant of immunity which would foreclose the respondent's ability to invoke the Fifth Amendment right against self-incrimination. We have previously held that neither the Trial Attorney nor the immigration judge is in a position to offer such immunity. This is an action which can only be authorized by the Attorney General or certain officials designated by him. *Matter of King and Yang,* 16 I&N Dec. 502 (BIA 1978); *Matter of Exantus and Pierre,* 16 I&N Dec. 382 (BIA 1977); 18 U.S.C. 6001-6005. It is therefore clear that a District Director's decision not to present a case for prosecution because, according to his understanding, it belongs to a class which the United States Attorney has judged not to warrant criminal prosecution, whatever its practical effect may be, is not equivalent to a grant of immunity. A respondent cannot therefore be made to testify after he has invoked his right against self-incrimination simply upon the presentation of such an assurance. The immigration judge here was incorrect in advising the respondent otherwise.

However, as we have pointed out, proof of deportability has been established by the respondent's admission of alienage and his failure to sustain his burden of proof in showing the time, place, and manner of entry into the United States. Since his admissions following the invocation of his right against self-incrimination do not form the basis for our finding of deportability, and the other points raised on appeal have not been substantiated, there exists no ground on which to sustain this appeal. It will accordingly be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.