# Matter of Ricardo MERCADO-MARTINEZ, Respondent

*Decided March 26, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where an Immigration Judge finds that a Form I-213 is unreliable and insufficient to establish alienage, he or she must point to specific evidence in the record sufficient to rebut the presumption of reliability.

FOR THE RESPONDENT: Jose L. Chaidez, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Michael T. Schmitz, Assistant Chief Counsel

BEFORE: Board Panel: GEMOETS and VOLKERT, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

GEMOETS, Appellate Immigration Judge:

In a decision dated July 29, 2025, the Immigration Judge granted the respondent's motion to terminate his removal proceedings, concluding that the Department of Homeland Security ("DHS") had not met its burden of proving the respondent's alienage. DHS appealed from that decision. The appeal will be sustained, the Immigration Judge's order will be vacated, and the record will be remanded.

When a respondent is charged with being in the United States without having been admitted or paroled, DHS has the burden of proving a respondent's alienage by clear and convincing evidence. 8 C.F.R. § 1240.8(c) (2026); *see also Mondac-Vega v. Lynch*, 808 F.3d 413, 420–22 (9th Cir. 2015) (holding that "clear and convincing" and "clear, unequivocal, and convincing" are equivalent standards and that they apply to alienage determinations).[1] The burden then shifts to the respondent to prove either that he is lawfully in the United States pursuant to a prior admission or that he is not inadmissible as charged. *See* section 240(c)(2) of the Immigration

[1] This case arises within the jurisdiction of the Court of Appeals for the Ninth Circuit, which has concluded that the "clear and convincing" standard applies to alienage determinations. *See Mondac-Vega*, 808 F.3d at 420–22. We note that the First Circuit has held that the "clear, unequivocal, and convincing" standard is applicable to proving alienage and that this standard is different from "clear and convincing." *Rosa v. Bondi*, 144 F.4th 37, 41 (1st Cir. 2025).

and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(2) (2024); 8 C.F.R. § 1240.8(c). We review de novo whether DHS has satisfied its burden of proof. 8 C.F.R. § 1003.1(d)(3)(ii) (2026).

Although the Immigration Judge recognized that the information contained in a Form I-213 is presumed to be reliable, he concluded that the Form I-213 did not satisfy DHS' burden of proving the respondent's alienage by clear and convincing evidence. Because DHS did not provide documentary evidence aside from the Form I-213, such as a birth certificate, the Immigration Judge concluded that it did not satisfy its burden of proof and the burden did not shift to the respondent to disprove alienage or otherwise prove that he was not inadmissible as charged.

DHS challenges the Immigration Judge's determination that it did not meet its burden of proving the respondent's alienage by clear and convincing evidence. Specifically, DHS argues that the respondent conceded that he was a native and citizen of Mexico in written pleadings and contends that the Record of Deportable/Inadmissible Alien ("Form I-213") establishes that the respondent admitted that he was born in Mexico and that he was deported to Mexico in 1996. DHS asserts that the Immigration Judge improperly determined that the Form I-213 was not reliable.

A Form I-213 is presumptively admissible and reliable.[2] *See Vera Punin v. Garland*, 108 F.4th 114, 125 (2d Cir. 2024); *Antia-Perea v. Holder*, 768 F.3d 647, 657 (7th Cir. 2014); *Espinoza v. INS*, 45 F.3d 308, 310–11 (9th Cir. 1995); *Matter of Barcenas*, 19 I&N Dec. 609, 611 (BIA 1988). The presumption of reliability can be rebutted if there are material errors or inaccuracies in the document or evidence that the information in the document was obtained through coercion or duress. *See Vera Punin*, 108 F.4th at 125–26; *Antia-Perea*, 768 F.3d at 657; *Espinoza*, 45 F.3d at 310–11; *Matter of Barcenas*, 19 I&N Dec. at 611. Strong evidence of unreliability may provide a basis to exclude a Form I-213, and the Immigration Judge may properly consider probative evidence that undercuts material aspects of the Form I-213. *See Espinoza*, 45 F.3d at 311; *cf. Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 680 (9th Cir. 2005) (holding that the Form I-213 did not merit any weight where it merely reiterated the statements of others and was of no independent value). Where an Immigration Judge finds that a Form I-213 is unreliable and insufficient

---

[2] The Form I-213 is "a government document in which a government agent simply has noted a person's alienage, presumably from information out of the alien's mouth." *Espinoza v. INS*, 45 F.3d 308, 311 (9th Cir. 1995); *see also INS v. Lopez Mendoza*, 468 U.S. 1032, 1049 (1984) (noting that the officer who completes the Form I-213 rarely must attend the hearing).

to establish alienage, he or she must point to specific evidence in the record sufficient to rebut the presumption of reliability.

However, in the present case, the Immigration Judge has not identified, and the respondent has not presented, evidence—including documentation—that contradicts any material information in the Form I-213. Moreover, the respondent has not explained, nor did the Immigration Judge address, the contradiction between the respondent's assertion that he did not admit alienage and his written pleading to the notice to appear. In his written pleading filed on July 11, 2025, the respondent admitted allegations 1, 2, and 3 in the notice to appear, which allege that the respondent is not a citizen or national of the United States, is a native and citizen of Mexico, and entered the United States at or near an unknown place and on an unknown date. These written admissions provide significant evidence to establish the factual allegations. Furthermore, the Form I-213 is evidence independent of the written admissions and separately indicates that the respondent is a native and citizen of Mexico. Consequently, the Immigration Judge erred in concluding that DHS had not satisfied its burden of proving that the respondent was a native and citizen of Mexico.

Where DHS presents probative and reliable evidence to meet its burden of establishing alienage, the respondent is required to either rebut such evidence of alienage or demonstrate the date, place, and manner of his entry. *See* 8 C.F.R. § 1240.8(c). The respondent contends that he is not removable as charged under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i) (2024), because he entered the United States following inspection. He further argues that he is not inadmissible pursuant to section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I), because he entered with valid documents. The Immigration Judge credited the respondent's testimony regarding his method of entry but did not set forth the factual findings underpinning that determination. *See Matter of S-H-*, 23 I&N Dec. 462, 464–65 (BIA 2002) (explaining that the Board has limited fact-finding ability on appeal, which heightens the need for Immigration Judges to include in their decisions clear and complete findings of fact that are supported by the record and in compliance with controlling law).

We conclude that the Immigration Judge erred in finding that DHS did not prove the respondent's alienage by clear and convincing evidence of record. *See Mondac-Vega*, 808 F.3d at 420–22; 8 C.F.R. § 1240.8(c) (2026). The Immigration Judge's decision lacks sufficient clarity as to his basis for finding DHS' evidence insufficient to satisfy its burden. Specifically, the Immigration Judge did not identify any errors or contradictory evidence rebutting the presumption that the Form I-213 was reliable and sufficient to

establish alienage. *See Espinoza*, 45 F.3d at 310–11; *Matter of Barcenas*, 19 I&N Dec. at 611. The Immigration Judge's decision failed to properly evaluate DHS' evidence such that the burden remained with DHS and did not properly shift to the respondent. *See* INA § 240(c)(2), 8 U.S.C. § 1229a(c)(2); 8 C.F.R. § 1240.8(c).

Additionally, the Immigration Judge's decision contains insufficient findings of fact regarding the respondent's method of entry for us to conduct meaningful appellate review of the respondent's claim that he is not removable as charged. *See Matter of S-H-*, 23 I&N Dec. at 464–65. Consequently, we will vacate the Immigration Judge's order terminating the proceedings and remand the record for the Immigration Judge to address whether the respondent satisfied his burden of establishing that he is either lawfully present in the United States or not inadmissible as charged. *See* INA § 240(c)(2), 8 U.S.C. § 1229a(c)(2); 8 C.F.R. § 1240.8(c). In doing so, the Immigration Judge should make clear findings of fact and adequately set forth his legal analysis. *See Matter of S-H-*, 23 I&N Dec. at 464–65; *Matter of A-P-*, 22 I&N Dec.468, 477 (BIA 1999). We express no opinion as to the outcome of the case.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's July 29, 2025, order is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with this order.