# Matter of John BOLIVAR-BOLIVAR, Respondent

*Decided April 10, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the respondent is charged with being in the United States without having been admitted or paroled, neither the alien nor the Department of Homeland Security appears at the hearing, and the record contains evidence of alienage, the Immigration Judge errs in terminating removal proceedings rather than proceeding with an in absentia hearing.

FOR THE RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Kaleigh Adcox, Assistant Chief Counsel

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; RADICS, Deputy Chief Appellate Immigration Judge; MAHTABFAR, Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

On February 1, 2024, the Immigration Judge terminated these removal proceedings without prejudice due to the Department of Homeland Security's ("DHS") nonappearance.  DHS has appealed from that decision, and the respondent has not responded to the appeal.  We will sustain the appeal, reinstate proceedings, and remand the record to the Immigration Court for further proceedings.

## I. PROCEDURAL HISTORY

On November 14, 2022, DHS served the respondent, with a notice to appear, charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i) (2018), for being present in the United States without being admitted or paroled.  The notice to appear included the date, time, and place of the respondent's initial hearing as February 1, 2024, at 8:30 a.m. at the Atlanta Immigration Court.  DHS filed the notice to appear with the Immigration Court, thereby initiating these proceedings.  8 C.F.R. § 1003.14(a) (2026).  On January 25, 2024, DHS filed a Form I-213, Record of Deportable/Inadmissible Alien with the Immigration Court as evidence of the respondent's alienage.  At the scheduled hearing on February 1, 2024, of which both parties had notice, neither the respondent nor DHS appeared.  The

Immigration Judge terminated proceedings based on DHS' nonappearance, finding that DHS did not submit evidence of removability prior to the hearing and/or a motion on how to proceed.

## II. ANALYSIS

When a respondent fails to appear before the Immigration Court at the scheduled hearing, an Immigration Judge shall order the respondent removed in absentia if DHS establishes by clear, unequivocal, and convincing evidence both that the respondent was provided with proper notice of the missed hearing and that he or she is removable. 8 C.F.R. § 1003.26(c) (2026); *accord* INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A) (2024). We recently held in *Matter of Tepec-Garcia*, 29 I&N Dec. 371, 375 (BIA 2025), that "where neither the respondent nor DHS appears at the hearing and DHS does not present any evidence of removability in advance of the hearing, the Immigration Judge does not err in terminating proceedings without prejudice."

We agree with DHS that the Immigration Judge erred in terminating these proceedings. Both the respondent and DHS failed to appear at the scheduled hearing. However, unlike in *Matter of Tepec-Garcia*, the record reflects that DHS submitted evidence of the respondent's alienage prior to the hearing. Specifically, DHS submitted a Form I-213, Record of Deportable/Inadmissible Alien, on January 25, 2024.[1] *See Matter of Mariscal-Hernandez*, 28 I&N Dec. 666, 668 (BIA 2022) (holding that a Form I-213 is "probative of [a] respondent's alienage"). The Immigration Judge should have reviewed whether this document was sufficient to establish alienage and thereby shift the burden of proof to the respondent to prove he is not inadmissible as charged. *See Matter of Mercado-Martinez*, 29 I&N Dec. 529, 530–31 (BIA 2026) (noting that a Form I-213 is presumptively reliable); 8 C.F.R. § 1240.8(c) (discussing the shifting burden of proof).

---

[1] Although not relevant here, alienage may also be established through record evidence other than a Form I-213, such as an affirmatively filed Form I-589, Application for Asylum and for Withholding of Removal, which contains a respondent's admission of alienage. *See* 8 C.F.R. § 1208.3(c)(1) (2026) (stating that the information provided in asylum applications may be used as a basis for the initiation of removal proceedings or to satisfy any burden of proof in removal proceedings); 8 C.F.R. § 1240.11(e) (2026) (stating that asylum applications filed in removal proceedings, also referred to as defensive applications, "shall not be held to constitute a concession of alienage"); *see also Matter of Carrillo*, 17 I&N Dec. 30, 32 (BIA 1979) (holding that an alien's admission of alienage is sufficient to shift the burden to the respondent to justify his presence in the United States).

While the Immigration Judge justified termination by also noting that DHS did not file a motion informing the Immigration Judge how it wanted to proceed, the respondent's failure to appear triggered section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A), and 8 C.F.R. § 1003.26, requiring the Immigration Judge to conduct an in absentia hearing and determine whether notice and removability had been established. Where the respondent is charged with being in the United States without having been admitted or paroled, neither the alien nor DHS appears at the hearing, and the record contains evidence of alienage, the Immigration Judge errs in terminating removal proceedings rather than proceeding with an in absentia hearing. Because the record here contained evidence of the respondent's alienage, the Immigration Judge could have proceeded with an in absentia hearing and therefore erred in terminating proceedings without prejudice. *See* INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A).

## III.  CONCLUSION

Based on the foregoing, we conclude that the Immigration Judge erred in terminating proceedings without prejudice based on DHS' nonappearance. We remand the record to the Immigration Judge to conduct further proceedings consistent with this decision, including to address whether the respondent received proper notice and whether removability was established. *See* INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A).

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's February 1, 2024, decision is vacated, removal proceedings are reinstated, and the record is remanded to the Immigration Judge for further proceedings and the issuance of a new decision.