**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3025

_____

KAREN SHANAIR HENRY,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.:  A205-986-944)
Immigration Judge: Steven A. Morley

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on April 17, 2018

Before: GREENAWAY, JR., RENDELL, and FUENTES, *Circuit Judges*

(Opinion Filed: May 2, 2018)

_____

O P I N I O N*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge:*

Karen Shanair Henry[1] petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision of inadmissibility and order of removal. The IJ sustained four independent charges of inadmissibility against Henry: (1) alien present in the U.S. without being admitted or paroled (8 U.S.C. § 1182(a)(6)(A)(1)); (2) alien who by fraud or willful misrepresentation procured or sought to procure a visa, other documentation or admission into the U.S. or other benefit under the Immigration and Nationality Act ("INA") (8 U.S.C. § 1182(a)(6)(C)(i)); (3) alien who falsely represented herself to be a U.S. citizen for any purpose or benefit under federal or state law (8 U.S.C. § 1182(a)(6)(C)(ii)(I)); and (4) alien who has been convicted of or who admits to committing acts which constitute a crime of moral turpitude (8 U.S.C. § 1182(a)(2)(A)(i)(I)).

Henry concedes that she was convicted of a crime of moral turpitude. **Br. for Appellant at 26.** Our review is therefore limited to constitutional and legal issues; we do not review the agency's findings of fact. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pierre v. Att'y Gen. of U.S.*, 528 F.3d 180, 184 (3d Cir. 2008). Henry argues that she is not inadmissible under 8 U.S.C. § 1182(a)(6)(A)(1), (a)(6)(C)(i), or (a)(6)(C)(ii)(I). She also argues that her inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I) should be waived. These arguments rely in part on the IJ's factual findings, which are outside the scope of our review. To the extent that her arguments raise reviewable legal issues, they are without merit. We will therefore deny Henry's petition for review.

---

[1] The petitioner also goes by the name Karen Ming Henry.

## I. Background

Henry is a Jamaican citizen who entered the United States some time in or before 2012. In 2012, Henry applied for a U.S. passport, falsely claiming to be a U.S. citizen. **SA59.** As a result, Henry was charged with violating 18 U.S.C. § 1542, which prohibits knowingly making a false statement in an application for a U.S. passport. **SA59, 62.** Henry pled guilty to violating 18 U.S.C. § 1542 in the United States District Court for the District of Delaware. *Henry v. United States*, No. 1:12-cr-00065-RGA, 29014 WL 5307177 (D. Del. Oct. 17, 2014).

Henry was placed in removal proceedings on November 14, 2013. **SA 70-72.** The Department of Homeland Security ("DHS") charged Henry as inadmissible on four independent grounds under 8 U.S.C. § 1182: (1) alien who is present in the U.S. without being admitted or paroled (§ 1182(a)(6)(A)(i)); (2) alien who by fraud or willful misrepresentation procured or sought to procure a visa, other documentation, or admission into the U.S. or other benefit under the INA (§ 1182(a)(6)(C)(i)); (3) alien who falsely represented herself to be a U.S. citizen for any purpose or benefit under federal or state law (§ 1182(a)(6)(C)(ii)(I)); and (4) alien who has been convicted of or who admits to committing acts which constitute the essential elements of a crime involving moral turpitude (§ 1182(a)(2)(A)(i)(I)). **SA72.**

The IJ concluded that DHS had produced sufficient evidence of Henry's alienage, including a Jamaican birth certificate in Henry's name and her own previous admission

that she was not a U.S. citizen.[2] **A12, 38.** The burden then shifted to Henry to show the time, place, and lawful manner of her entry into the U.S. 8 U.S.C. § 1361. An alien who fails to meet this burden is presumed to be in the U.S. in violation of the law. *Id.*

According to Henry, she entered the U.S. in 1998 and was legally admitted at that time. **SA6-7.** However, DHS presented evidence showing that Henry had applied for a U.S. non-immigrant visa ("NIV") at the U.S. consulate in Kingston, Jamaica, in 2005.[3] **A68.** The application included a picture of Henry and a set of fingerprints matching Henry's. *Id.* Henry denied having been in Jamaica in 2005, but the IJ did not find her testimony credible. **A14.** The IJ therefore concluded that, regardless of whether Henry had been admitted to the U.S. in 1998, Henry had been in Jamaica in 2005 and had subsequently re-entered the U.S. at some point. Since Henry failed to present any evidence of a legal re-entry into the U.S. in or after 2005, the IJ concluded that Henry was inadmissible as an alien present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). **A10.**

The IJ sustained the remaining three charges of inadmissibility as well. When Henry pled guilty to violating 18 U.S.C. § 1542, she admitted in her plea colloquy that she had knowingly misrepresented herself as a U.S. citizen to secure a U.S. passport. **A58-59**. This rendered Henry inadmissible as an alien who attempted to procure a visa or other documentation through willful misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i) and as an alien who falsely represented herself to be a U.S. citizen under 8 U.S.C. §

_____

[2] Henry does not challenge the IJ's finding of alienage on appeal.
[3] The NIV application was refused in 2005. **A68.**

4

1182(a)(6)(C)(ii)(I). Henry testified before the IJ that, at the time she applied for the passport, she believed she was a U.S. citizen. However, the IJ did not credit this self-serving testimony because it was "belied by the clear and unequivocal statements" she had made before the District Court and because Henry was not an overall credible witness. A14-15**, A17**.  Finally, the IJ sustained the charge of inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because making a false statement to secure a government benefit is a crime involving moral turpitude. *Rodriguez v. Gonzalez*, 451 F.3d 60, 61 (2d Cir. 2006); *Matter of Pinzon*, 26 I&N Dec. 189 (BIA 2013);. **A15.** The IJ ordered Henry removed to Jamaica. **A3.**

Henry filed a timely Notice of Appeal with the BIA. The BIA affirmed the IJ's decision without opinion. **A1-2**. Henry filed a timely Petition for Review of the BIA's decision on September 18, 2017. **A18.**

## II. Standard of Review

We review an IJ's decision as the final agency decision in cases where the BIA affirms the decision of an IJ without opinion. *Borrome v. Att'y Gen. of U.S.*, 687 F.3d 150, 154 (3d Cir. 2012).

Henry concedes that she was convicted of a crime involving moral turpitude. **Br. for Appellant at 26.** Therefore, our review is limited to constitutional claims and legal questions, which we review *de novo*. *See* 8 U.S.C. §§ 1252(a)(2)(C)-(D); *Yusupov v. Att'y Gen. of U.S.*, 650 F.3d 968, 977 (3d Cir. 2011). The IJ's factual and discretionary determinations are outside the scope of our review. *Pierre*, 528 F.3d at 184.

## III. Analysis

5

Henry does not raise any meritorious legal questions or constitutional claims for our review. Henry makes four arguments: (1) she was admitted to the U.S. after an inspection and is therefore not inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i); (2) she did not willfully provide false information on her passport application and is therefore not inadmissible under 8 U.S.C. §§ 1182(a)(6)(C)(i); (3) she did not willfully misrepresent herself as a U.S. citizen and is therefore not inadmissible under 8 U.S.C. § (a)(6)(C)(ii)(I); and (4) although she committed a crime of moral turpitude, she is eligible for a waiver of inadmissibility. These arguments rest in part on the IJ's factual findings, which are outside the scope of our review. To the extent that her arguments raise legal questions, they are without merit.

a. Inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i)

First, Henry argues that she is not inadmissible as an alien present in the U.S. without being admitted or paroled because she was legally admitted to the U.S. in 1998 after an inspection. *See Matter of Quilantan*, 25 I&N Dec. 285, 310 (BIA 2010) (finding that an admission after inspection can constitute a legal entry).

However, based on the 2005 NIV application, the IJ concluded that, regardless of whether Henry was admitted to the U.S. in 1998, she was in Jamaica in 2005 and therefore re-entered the United States in or after 2005. This finding of fact is outside the scope of our review.

"It is a general principle of immigration law that an alien who leaves the country and makes a new entry on his or her return is then subject to all current exclusionary laws." *Dabone v. Karn*, 763 F.2d 593, 595 (3d Cir. 1985). "The new entry stands the

6

alien on the same footing as if it were the initial entry." *Id.* Therefore, Henry bore the burden of proving the time, place, and lawful manner of her re-entry to the U.S. in or after 2005. 8 U.S.C. § 1361; *Ah Chiu Pang v. INS*, 368 F.2d 637, 639 (3d Cir. 1966) (holding that once the government proves alienage, "the burden shift[s] to the [alien] to justify his presence in the United States") (citing 8 U.S.C. § 1361). An alien who fails to meet this burden is presumed to be in the U.S. in violation of the law. *Id.* Henry presented absolutely no evidence related to her re-entry, let alone any evidence suggesting that her re-entry was lawful. Therefore, she is presumed inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the U.S. without being admitted or paroled.

   b.  Inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(i)

Next, Henry argues that she is not inadmissible as an alien who by fraud or willful misrepresentation procured or sought to procure a visa, other documentation, or admission to the U.S. or other benefit under the INA. To the extent that it raises a legal issue, this argument lacks merit. Henry pled guilty and admitted to knowingly providing false information on a passport application in violation of 18 U.S.C. § 1542. **A58-59.** In so doing, she admitted that she sought to procure a passport by willfully misrepresenting herself as a U.S. citizen, which renders her removable under 8 U.S.C. § 1182(a)(6)(C)(i).

Henry argues, as she did in her testimony before the IJ, that her misrepresentation was not "willful" because she believed she was a U.S. citizen when she applied for the passport. However, the IJ concluded that Henry was not an overall credible witness, that her testimony was a "self-serving . . . attempt to escape the consequences of her actions[,]" and that it was "belied by the clear and unequivocal statements" she had made

7

under oath before the District Court. A14-15, 17. We lack the authority to review this credibility determination, *see Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (noting that an IJ's credibility determination is a finding of fact), and therefore disregard Henry's self-serving testimony as well.

Henry also argues that 8 U.S.C. § 1182(a)(6)(C)(i) does not apply to false statements made to obtain a passport. This argument is also without merit, as a passport certainly qualifies as "other documentation" under the statute. *See Cervantes-Gonzalez v. INS*, 244 F.3d 1001, 1004 (9th Cir. 2001) ("Using fraudulent documents to obtain a passport is conduct that is clearly covered" under the statute). Henry is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i).

   c.  Inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(ii)(I)

Henry also argues that she is not inadmissible under § 1182(a)(6)(C)(ii)(I) as an alien who falsely represented herself as a U.S. citizen for any purpose or benefit under federal or state law. This argument suffers from the same flaws as her § 1182(a)(6)(C)(i) argument. Before the District Court, Henry pled guilty to violating 18 U.S.C. § 1542. In so doing, she admitted that she knowingly misrepresented herself as a U.S. citizen for the purpose of obtaining a passport. This renders Henry inadmissible under § 1182(a)(6)(C)(ii)(I). *See Rodriguez v. Gonzalez*, 451 F.3d 60, 65 (2d Cir. 2006) (holding that a guilty plea to an offense under 18 U.S.C. § 1542 renders an alien inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii)(I)). Again, Henry argues that she thought she was a U.S. citizen at the time she applied for a passport, but we decline to credit this testimony given the IJ's credibility determination.

d.  Waiver under 8 U.S.C. § 1182(h)(1)(B)

Finally, Henry argues that she is eligible for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h)(1)(B). This statute applies to aliens who are inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) (committing a crime of moral turpitude), and allows for waiver of inadmissibility if denying admission would result in extreme hardship to the alien's U.S. citizen or lawful permanent resident spouse. 8 U.S.C. § 1181(h)(1)(B).  However, Henry is inadmissible based on three additional independent grounds. Thus, even if Henry's inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(i) was waived, she would still be inadmissible and removable under 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(6)(C)(i), and (a)(6)(C)(ii)(I).

## IV. Conclusion

For the foregoing reasons, we deny Henry's petition for review.